# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION
# CIVIL ACTION NO. 4:13CV-00083-HBB

**ANTHONY D. TRITCHLER**                                                                                 **PLAINTIFF**

**VS.**

**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security**                                             **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Anthony D. Tritchler ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Plaintiff filed a motion for judicial review, a supporting memorandum, and a fact and law summary (DN 17, 18, 19). Defendant has filed an unopposed motion for entry of judgment under sentence four of 42 U.S.C. § 405(g) with remand of the case to the Commissioner (DN 23).

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 16). By Order entered September 17, 2013 (DN 15), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on July 12, 2011 (Tr. 12, 209). Plaintiff alleged that he became disabled on September 1, 2008, as a result of post-traumatic stress

disorder ("PTSD"), degenerative disc disease, as well as mood and anger issues (Tr. 229, 234). On November 9, 2012, Administrative Law Judge Candace A. McDaniel ("ALJ") conducted a video hearing from Louisville, Kentucky (Tr. 12). Plaintiff appeared in Bowling Green, Kentucky, and was represented by attorney Phillip W. Smith (Tr. 12). Also present and testifying was Sharon B. Lane, a vocational expert (Tr. 12).

In a decision dated January 18, 2013, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through March 31, 2015 (Tr. 14). The ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 12-22). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 1, 2008, the alleged onset date (Tr. 14). At the second step, the ALJ determined that Plaintiff's lumbar radiculopathy, history of left ankle injury, affective disorder, anxiety/PTSD, and alcohol dependence in partial remission are "severe" impairments within the meaning of the regulations (Tr. 14). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 15).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform less than a full range of light work because he should be allowed to alternate positions every 30 to 50 minutes, taking no more than 1-5 minutes and not leaving the work station; no climbing of ropes/ladders/scaffolds or stairs, only occasionally climbing ramps; no concentrated exposure to vibrations, no temperature extremes involving cold; occasional use of foot pedals with both ankles; occasionally crouch and stoop, but no kneeling or crawling, can balance on a level ground but not on uneven ground; needs unskilled tasks with no contact with the public, occasional contact with

coworkers and supervisors in a task-oriented environment; and no production pace work (Tr. 16). Additionally, the ALJ found that Plaintiff is unable to perform his past relevant work as a heavy equipment mechanic (Tr. 20-21).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 21-22). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 21-22). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from September 1, 2008, through the date of the decision (Tr. 22).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 7). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3, 4).

## CONCLUSIONS OF LAW

Defendant has filed an unopposed motion for entry of judgment under sentence four of 42 U.S.C. § 405(g) with remand of the cause to Defendant for further proceedings (DN 23). A remand pursuant to sentence four of 42 U.S.C. §405(g) is a post-judgment remand. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 175 (6th Cir. 1994). This means the case is remanded to the Commissioner in conjunction with the Court making a final judgment that affirms, reverses, or modifies the final decision of the Commissioner. Id. Further, under sentence four, the Court may order the Commissioner to consider additional evidence on remand to remedy a defect in the original proceedings. Id.

The undersigned concludes, pursuant to sentence four of 42 U.S.C. § 405(g), the Court should issue a final judgment that reverses the final decision of the Commissioner and remands the case to the Commissioner. Additionally, the Commissioner should conduct further proceedings to fully develop the administrative record.

Granting Defendant's unopposed motion will render moot Plaintiff's motion for judicial review (DN 19). Thus, Plaintiff's motion will be denied as moot.

## ORDER

**IT IS HEREBY ORDERED** that Defendant's unopposed motion (DN 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner is **REVERSED** and, pursuant to sentence four of 42 U.S.C. § 405(g), the case is remanded to the Commissioner for further proceedings.

**IT IS FURTHER ORDERED** that upon remand the Commissioner will instruct the Administrative Law Judge to further evaluate the Plaintiff's residual functional capacity and obtain supplemental vocational expert testimony.

**IT IS FURTHER ORDERED** that Plaintiff's motion for judicial review (DN 19) is **DENIED** as moot.

This is a final and appealable Order and there is no just cause for delay.

Copies: Counsel