UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4: 16-CV-00083-HBB

**ANTHONY D. TRITCHLER**  PLAINTIFF

VS.

**NANCY A. BERRYHILL, Acting
Commissioner of Social Security**  DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the motion of Plaintiff, Anthony D. Tritchler, pursuant to 42 U.S.C. § 406(b), for the award of attorney fees (DN). Defendant, Nancy A. Berryhill, Commissioner of Social Security ("Commissioner"), has filed a response indicating she has no objection (DN 27). Given the circumstances, there is no need to wait for the reply to expire to grant Plaintiff's motion. Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 16). This matter is now ripe for determination.

**FINDINGS OF FACT**

On July 10, 2013, Plaintiff filed a complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g) (DN 1). The Commissioner filed an answer and a copy of the administrative record (DN 13, 14). Plaintiff filed a Fact and Law Summary setting forth his challenges to the final decision of the Commissioner (DN 17, 18). Thereafter, the Commissioner filed a motion for judgment under sentence four of 42 U.S.C. § 405(g) (DN 23). Plaintiff did not object to Defendant's motion.

The undersigned magistrate judge issued a memorandum opinion and order that granted the Commissioner's motion, reversed the final decision of the Commissioner, and remanded the case to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings and a new decision (DN 24). The judgment was entered on February 7, 2014 (DN 25).

On February 2, 2017, Plaintiff filed his motion for an award of attorney fees under 42 U.S.C. § 406(b) (DN 26). Plaintiff seeks approval of attorney fees in the amount of $16,334.00 (DN 26). The Commissioner does not oppose an award of attorney fees (DN 27).

**CONCLUSIONS OF LAW**

Pursuant to 42 U.S.C. § 406(b), attorney fees are properly awarded to a claimant who succeeds on her Social Security Appeal before the federal court. <u>Allan v. Commissioner</u>, No. 10-11651, 2014 WL 1818110, at *1 (E.D. Mich. May 7, 2014). A judgment issued by the federal court either awarding benefits or remanding the matter to the Commissioner may be considered "favorable" within the meaning of the statute, so long as the claimant is awarded benefits "by reason of" the judgment. See <u>Nolan v. Comm'r of Soc. Sec.</u>, No. 4:11-CV-5, 2013 WL 5937908,

at *1 (E.D. Tenn. Nov. 5, 2013) (*citing* Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006)). Notably, the statute expressly directs the fee award is not to exceed 25% of the total past-due benefits to which the claimant is entitled:

> (b) Fees for representation before court
>
> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(I) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The Supreme Court has explained, "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (footnote omitted)). Notably, fee awards may be made under both EAJA and § 406(b), but when this happens, "the claimant's attorney must refund to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 796.

A court may award attorney fees only for work performed before the court. Horenstein v. Sec'y of Health & Human Servs., 35 F.3d 261, 262 (6th Cir. 1994). Due deference should be given to the expression of the intentions of client and attorney in setting fees. Rodriquez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989). A 25% fee agreement between attorney and client should not be viewed as reasonable per se, but such a fee should be accorded a rebuttable

3

presumption of reasonableness. Id. If deductions are to be made in the fee, they should generally be one of two types: (1) deductions occasioned by counsel's improper conduct or ineffectiveness, or (2) deductions to prevent a windfall resulting from either an inordinately large award, or minimal effort expended. Id.

Plaintiff requests that this Court approve an award of attorney's fees pursuant to 42 U.S.C. § 406(b) (DN 26). In support of her fee request, Plaintiff submitted the following documents:

> (1) Affidavit of counsel and memorandum setting forth the procedural history of the case and a statement of services rendered;
>
> (2) The Notice of Award; and
>
> (3) A copy of the fee agreement signed by Plaintiff.

(DN 26, Attachments). A fee in the amount of $16,334.00 is requested (Id.). This amount is 25% of Plaintiff's past-due benefits (Id.).

The Commissioner does not oppose Plaintiff's fee request (DN 27). The Commissioner reports that Plaintiff's past-due benefits totaled $65,336.00, and the agency withheld 25%, or $16,334.00, for payment of attorney fees (DN 27). The Commissioner further reports that of the amount withheld for attorney fees, the agency previously awarded Plaintiff's counsel $6,000.00 in attorney fees under 42 U.S.C. § 406(a) for work performed at the administrative level (DN 27). The Commissioner indicates that $10,334.00 remains available for an award of attorney fees under 42 U.S.C. § 406(b) (DN 27).

The agency withheld 25% of Plaintiff's past-due benefits, or $16,334.00, for payment of attorney fees. The undersigned has reviewed the record and concludes that in light of the circumstances $16,334.00 is a reasonable and appropriate attorney fee award for work that counsel performed on Plaintiff's behalf. Of that sum, the agency has already awarded Plaintiff's counsel

4

$6,000.00 in attorney fees, under 42 U.S.C. § 406(a), for work that counsel performed at the administrative level. The balance of Plaintiff's past-due benefits being withheld for payment of attorney fess is $10,334.00. Therefore, the Court will award Plaintiff's counsel $16,334.00 in attorney fees, under 42 U.S.C. § 406(b). The Commissioner will be directed to pay Plaintiff's counsel the balance of Plaintiff's past-due benefits being withheld for payment of attorney fees.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) (DN 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's attorney, Philip W. Smith, is awarded a fee for legal services, under 42 U.S.C. § 406(b), in the amount of $16,334.00. The Commissioner shall pay Philip W. Smith the balance of Plaintiff's past-due benefits being withheld for payment of attorney fees.

Copies to:     Counsel of Record